IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40640
Summary Calendar
_____

RICKY EDWARD LEVI,

Petitioner-Appellant,

versus

ERNEST CHANDLER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:02-CV-129)
--------------------
September 30, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Ricky Edward Levi, federal prisoner number 60807-080, appeals from the district court's denial of his 28 U.S.C. § 2241 habeas petition, in which he sought to challenge his convictions for (1) conspiracy to possess with intent to distribute and to distribute cocaine, and (2) money laundering. Levi's petition followed an unsuccessful 28 U.S.C. § 2255 motion and the denial of a request to file a successive 28 U.S.C. § 2255

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion. The district court concluded that Levi's petition was not authorized under 28 U.S.C. § 2255's "savings clause."

Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Levi argues that he is entitled to relief because (1) his indictment did not allege drug quantity as a material element of the offense, and (2) the district court did not instruct the jury to find a drug quantity. He asserts that the testimony of one witness linking him to specific drug quantities lacked credibility and was perjurious.

To trigger the savings clause of 28 U.S.C. § 2255, a habeas petitioner's claim (1) must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Regardless of the retroactivity of Apprendi, Levi is not entitled to relief under 28 U.S.C. § 2241 because the record reflects that he was part of a conspiracy involving a sufficient quantity to support a conviction and sentence under 21 U.S.C. § 841(b)(1)(A). See United States v. Cotton, 122 S. Ct. 1781, 1785-86 (2002).

Citing a Sixth Circuit case, Levi argues that the threshold of 21 U.S.C. § 841(b)(1)(A) was not triggered because his presentence report indicated that he distributed less than 50 grams on several occasions and that the amounts should not have been aggregated. In

2

addition to being raised for the first time on appeal, which bars consideration of this argument, <u>see</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999), Levi's contention is not based on a retroactive Supreme Court decision that was unavailable when he filed his direct appeal or his first 28 U.S.C. § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Therefore, relief under 28 U.S.C. § 2241 is not available.

Finally, Levi argues, again for the first time on appeal, that he was actually innocent of the money laundering offense because (1) the district court erred in its jury charge, (2) defense counsel was ineffective for failing to investigate the facts concerning the offense, and (3) the government withheld material favorable to the defense in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). As noted above, we do not review new legal claims raised for the first time on appeal.

AFFIRMED.